389. We're ready to proceed. Yes. Good morning and may it please the court. My name is George Anthony Long representing Wong Biao and I'd like to reserve one and a half minutes for rebuttal in this matter. All right, thank you. Vacating and remanding the sentence is warranted in this case on three grounds. First, the two-point enhancement for importation of methamphetamines is improper as a matter of law and the government failed to meet its burden of proof to justify the application of Secondly, the denial of Wong's sentencing entrapment defense is unsupported by any factual findings made by the court. The circuit requires that there be expressed factual findings made in denying a sentencing enhancement offense. And thirdly, the sentence should be remanded, should be vacant and remanded because 135-month sentence is unreasonable and it affects this case. The proper step was sentencing. The first step in sentencing is to reach a proper guideline calculation. And in this case, we submit that was not done as the court applied a two-point enhancement on the grounds of the methamphetamines involved in this case was imported into. Let me ask you, let me let you focus on this. Other than your reading of section 2d 1.1b 5, is there any authority holding that a defendant must be personally involved in the importation for the enhancement to apply? Well, as I read the case of the district court case of United States versus Black out of, it was a district court in the case of the first circuit, it implies that the defendant had to be involved in the import. So your answer would be in this circuit, there is no case that supports other than your reading. Well, in this case, in this circuit, there is one case where it the defendant was involved in the importation. There is no case in this circuit which holds that the importation can be applied when the defendant was not involved. Okay, what happens is that the the guideline provision... Well, my worry, I guess, going on just a little further, so we're really looking at your interpretation. Tell me, where in the text of 2d 1.1b 4 does it require that the defendant actually participate in the importation? In the text? In the text. Okay, the text states that if the offense involves, okay, and that's what the defendant is charged with, the offense has to be conduct what the defendant is charged with. Okay, so that implies that if the offense has to be involved with the importation, that obviously means that the text, I don't see anything in there that says defendant must actually participate in that. Your Honor, to an extent that maybe if, well, I mean, the problem comes, I guess, that there's others of my colleagues on the 5th and the 11th who agree with me. Yes, reading the text, it just doesn't get there. I understand that, Your Honor, that's correct, but we, but none of those circuits actually explore what the legislative history as the district court in... Why should I go with the legislative history when the text is clear and unambiguous? Well, to the extent of determining what it means by the offense involved, that can mean several things. Does it mean that... Are you saying it's ambiguous? Yes, Your Honor, to a certain extent, because if it says the offense involved, in this case, none of the charges involved importation. All of the charges were possession with intent to distribute. Now, if you're saying that the phrase offense involved means more than what the defendant was charged with, then what exactly does it mean? So, therefore, you go to the legislative history. Where do I find in the text that it does require that the defendant knew that it was meth that was being imported? Well, there's a point of whether, to the extent of the text, where in the text does it require the defendant knew that meth was being imported? The text, I admit, the text does not specifically state that the defendant must know that the methamphetamine was imported. Okay, and then, in this particular case, the evidence shows the defendant knew it was coming from China, correct? No, Your Honor, the evidence does not show that at sentencing. What the government says at sentencing, that Mr. Wong-Biao objected to application of this particular enhancement. At that point... But there's something in the record that says he knew it was from China in a statement that he made somewhere. No, Your Honor, that was actually clarified on the addendum to the probation officer where we objected to that, and the probation officer actually amended the probation report to state that, well, actually, it was this co-defendant who said that, that Wong did not say that at all. In page 87 of the excerpt... Okay, so he didn't say it, but to say that there's no evidence that it came from China, and then circumstantially working together, the way that they were working together and everything that was going on, I don't think that that's a correct statement to say there's no evidence. Now, you can take exception to that, but there is evidence. Correct, but the whole point is what was the extent of the defendant's knowledge? I think that for sentencing purposes, you have to sentence a defendant based on what he knew or what he may have had knowledge of. Well, but you don't have to sentence a defendant. You have people here that have done sentencing of defendants. You don't have to sentence a defendant based on what he tells you he knew. You can take all of the evidence that's before you into consideration to ascertain what you believe he knew. Okay, well, considering if that is accepted... We have a short amount of time, and I know that I wanted to talk to you about the entrapment. Yes, Your Honor. All right. There's a couple of ways to look at this in terms of... I'm wondering, in this case, factually, I think the facts indicate that... I mean, why shouldn't he be foreclosed because he pleaded guilty, admitted the he lacked the capacity to traffic a large quantity of drugs. And so when you're entering a plea and you do something like that, why shouldn't he be foreclosed from claiming that later? I mean, he was perfectly... He didn't have to admit those facts. Well, there are two factors, Your Honor. One is that under this case, this Court's decision of United States v. Day, the Court held it was sentencing enhancement defense... But we're not dealing with an IAC claim here. We're dealing with... Why shouldn't... We're not dealing with an IAC claim here. Correct, Your Honor, but the fact... We're not making any sort of determination on IAC. Yes, Your Honor, but there are cases within this circuit, some that are unpublished, that acknowledges that you can enter into a plea to a crime and then preserve the idea of sentencing entrapment because the sentencing factor is for the sentencing judge and not for the trial court, not for the jury. For instance, Your Honor... I know, though, that you also... I mean, there's that way to look at it, but then the next. Factually, this is not... This is a fairly strong case for the government in terms of the fact that we're talking about there were several deals first, and then we have... There isn't... You know, there's evidence that indicates that he got the large quantity along with his co-defendant and was prepared to make this very large deal. So, they have... I know you're attacking the sufficiency of the evidence there, but that's a sort of a tough rock to push uphill, isn't it? Yes, Your Honor. It's in my time, but with response to the court's questioning is that what the evidence shows is that the government, the defendant, was actually a small-time drug dealer. That's undisputed. And then, all of a sudden, the government initiates the idea, the concept of an amount that's a hundred times ever that he's ever dealt with, and all these negotiations were actually conducted with the co-defendant, never Mr. Wong. Let me stop you just a minute because it seems to me that you forgot the standard of review here. What's my standard of review on a defendant's sentencing entrapment? On the sentencing entrapment, the application, whether it's the court's determination... On the determination, the determination of whether there was really entrapment or not. What's my standard of review? I would say as whether the facts apply, show... Now, just a minute. Did you read Mejia? U.S. v. Mejia? Yes, sir. The determination of the sentencing entrapment by U.S. v. Mejia is very straight. Reviewed for abuse of discretion. So, you can make all the arguments you want on your side of the issue, but what we're really looking at is what is the evidence that the judge could have looked at on an abuse of discretion standard and then say it's implausible. And I looked here. The district court said, and I quote, the defendant's will was not overcome. Seems to be directly referencing Connell. The burden is on the defendant. The court rejects the sentence entrapment. He was a narcotics dealer. There was no difference between him and Leon. The court adopted the PSR changes and the conviction and the offense conduct sections. And if I go through theirs, I'm having a tough time how I can see, even if I want to agree with you, that the old district court was wrong. Implausible, counselor. Yes, I understand. But as I understand the circuit, that there were certain factors that the court must make express findings on for there to be. Well, they did make one. It was not overcome. That's only one of the factors, but the McClellan. Well, when did our court ever adopt McClellan? Well, it was an unpublished decision in the Varela case. Well, we don't agree with the unpublished decisions. When did our court ever adopt McClellan? It has not been adopted by a published decision, but it was relied upon in Varela, which was a 2011 decision by this court. And so there has not been an express adoption one way or other of what the applicable factors are for sentencing enhancement of sentencing entrapment in this case. At this point, I appreciate your answers. Since we had a lot of questions, I'm going to turn it over to Karen Johnson. Good morning. Good morning. Please support Karen Johnson for the United States. From the government's viewpoint, there's an interesting issue that we'd ask the court to address, and that is, after apprending, when the quantity of drugs would affect the maximum sentence, whether sentence enhancement or, pardon me, the sentence entrapment issue, has to be tried to the jury. In our position, it does. The government is entitled, for example, to say we have a 900-gram methamphetamine case. We're entitled to charge that if we think we have the evidence to support it and present that to a jury. The defendant came in in this case and pled guilty, and then he tried to, in essence, get a lesser-included offense on a sentence entrapment to the judge. In essence, he's trying to get a lower charge with a lower maximum sentence. The government's position is that after apprending, that cannot be done. Well, so I'm taking you to, I asked the question of defendant's counsel or appellant's counsel that had to do with, I mean, there's a couple of ways to deal with the entrapment issue. I mean, the court could agree with the appellant, but if the court didn't agree with the appellant, and I'm not saying, we don't conference on these before, I'm just dealing hypotheticals. The areas, it seems to me, in this case that might be worthy of publication, the panel, if it chose to, could hold that the defendant is foreclosed from claiming sentencing entrapment where he pleads guilty and admits the quantity of drugs charged in the indictment. And what you're, I think that's what you're asking for there. And there is a different, a broader holding would replace quantity of drugs with facts underlying the offenses. Otherwise, the panel could hold that Wong's sentencing entrapment claim fails on the facts of this case. That's, that is not quite as, I guess, sweeping to a holding. Then there's also, I asked counsel about if there was any case other than his interpretation of the guideline, and the two-point sentencing enhancement for an offense that involved the importation of methamphetamine, we could hold that it does not require that a defendant personally, be personally involved in the importation. It requires only that the drugs at issue be imported. That's correct. And then I think that there's another issue, there's a lot of things in here that don't have exact answers. The other is the two-point importation enhancement may apply regardless of whether a defendant is charged with and convicted of an importation offense under 21 U.S.C. sections 952A, 960, or 963. A charge and a conviction under 8 U.S.C. sections 841 or 846 can by itself support a two-point importation enhancement so long as the offense involved the importation of methamphetamine. So, I mean, I'm three areas of, where there isn't, there's a frame around the picture, but there isn't an exact. The importation, I think on the facts, it's pretty clear the defendant is a member of a drug trafficking ring. The first call was to China, and the man in China referred them to, gave them a phone number of the man in Saipan. The defendant was part of a ring, they were importing ice from China, or methamphetamine from China. One particular source of supply was distributing to Leon and also to the defendant in this case. Leon's statement is that they were all three friends, they knew each other well, they discussed what price they were going to charge for this. It's incredible to believe the defendant, a Chinese himself, did not know that this meth was coming from China. I think the importation, pretty clearly it shows that he knew where it was coming from. The issue to me, what's interesting, is the first defendant pleads guilty and admits a particular quantity of drugs that the sentence and entrapment issue is not available to him. So you're basically saying the bright line of when people are doing that, either notice that you're challenging it at that particular time, or if you admit the quantity, don't put anyone on notice of it, then you would go to a jury trial, is what you're saying. If he thought it were an issue. The right to jury, the state's right, I thought it was the And your argument is? The government has a right to try its case to a jury. The cases are cited in the brief that the ASA left, who's now gone. In other words, if we think we have a 900 gram case and defendant says, hey, I'll plead to less than 50, but I don't want that mandatory 10-year minimum, we have a right to try our case to a jury. You don't have to offer him a plea, that's right. I don't have to offer him a plea. Exactly. We think we can prove 900 grams. We have a right to try that to the jury and ask for a special verdict on that finding of 900 grams. What if the court said, though, that they, well, okay, you can admit, you're saying the court could not take a plea unless they plead to the indictment as existed, because otherwise you would have to amend the indictment, right? Well, the court could not take a plea that would result in effect a unless the government agrees to it. Now, just a minute, Counselor, why do we even have to get here? Because I think it's a really interesting issue. Well, it might be an interesting question, but the bottom line is we have an entrapment argument made to the district court on sentencing. The district court dismissed it, went through it, went through the factors, made an issue. Right. He has a discretionary decision to make. Why do we have to get to that other issue at all? It seems to me the easy part of this case is no abuse of discretion. Case over. You're right. You're correct. All right. I just wondered why you went up with that other question. It seems to me the government's easy argument is, hey, this is abuse of discretion. The court made us, made a determination. The reason, Your Honor, is this. It's an unpublished case, the U.S. v. Aguilar-Escobedo, a 214 Fed APPX 682, where the court held exactly that in an unpublished case, that the district court could not impose a different sentence if the jury verdict had returned a specific quantity of drugs. The district court could not use the sentence entrapment issue to impose a different sentence. And this looked like a good case to try to raise that issue and get a published opinion. Well, I guess the argument, I mean, I think I can make a better argument than you're making right here, and I'm not making it. Just from the standpoint that if you want people to know what's going on, if we want transparency in what are you pleading, what are you pleading guilty to, what are the consequences of that? If you know that if you admit it in the indictment and you don't put the court on notice that you're going to claim that there's a sentencing entrapment, then everyone goes forward with the expectation of, you know, and, or from the standpoint that the prosecution can put up a stink at that point and say, Your Honor, you can't accept that plea to anything less than what the indictment is. So it puts everyone, you know, you don't move past the jury trial without knowing where everyone's going on it. You're correct. But didn't we have a great hearing at sentencing about whether there was an entrapment? Yes. Didn't the judge make a determination whether we should use the added stuff entrapment would bring or whether he didn't? Yes, he did. In a very good record, it is. Thank you. That's all I have. If we were to hold, let me just make sure that we're on. If we were to hold, which you don't want us to hold, that the court has to make a finding that he was involved in or actually participated in the impartation, that would be a question of law, I take it. Yes, it would be. Thank you, but you don't want us to hold that. No. No further questions. We have no further questions. It does not appear. Thank you. All right, you have one minute. Okay, thank you, Your Honor. Briefly, refer the court to the decision in Naranjo where there was a guilty plea and there the court did address appeal that the defendant could rely on the defense of sentencing entrapment. But in order to get to Naranjo, we've got to say that the district court failed to provide any finding relevant to the critical issue of the predisposition, haven't we? Yes, sir, you have to say that. That's exactly what Naranjo says. So if I don't find that the district court failed to provide any relevant finding critical to this issue, then Naranjo is not controlling at all, correct? That would be correct, Your Honor, but we think the district court's factual findings were insufficient. And furthermore, that on the sole rebuttal on page 23, it shows that where Mr. Long specifically reserved the right to challenge any exception to the statutory minimum, so therefore he reserved his sentencing entrapment. And with respect to the importation enhancements, the importation, there has to be a ceased importation. And the government does not show at what point the final destination of the came into the Commonwealth, how long they had been there, because at some point, the crime of importation has to cease. And that's a burden that the government has to prove that they did not show in this case, to just show the drugs were imported is insufficient, as opposed to showing that they had come to rest. All right, thank you both for a lively and spirited argument. This matter will stand submitted. The next matter on calendar is Zhang Guikao v. Eric Holder, 1-0-71953.
judges: Schroeder, Callahan, Smith